## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SU Y. JEON<br>3 Norfolk Court, Bordentown, NJ 08505<br><br>      Plaintiff,<br><br>      vs.<br>Aetna, Inc. d/b/a Aetna Health Plans<br>151 Farmington Avenue<br>Hartford, CT 06156<br><br>and<br><br>The Rawlings Company, LLC<br>One Eden Parkway<br>LaGrange, KY 40031-8100<br><br>and<br><br>Andrew C. Kremann<br>2111 Old Stone Mill Dr.<br>Cranbury, NJ 08512<br><br>and<br><br>John/Jane Doe(1-99)<br><br>and<br><br>ABC Business Entities(1-99)<br>      Defendants. | **CIVIL ACTION**<br>**No.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

This action seeks declaratory judgment from the Court with respect to the subrogation rights of Defendant, Aetna, Inc., for payments made to medical providers on behalf of their insured, Plaintiff Su Jeon, for injuries he sustained in a motor vehicle accident.

### THE PARTIES

1. Plaintiff, Su Jeon, is an adult individual and citizen of the State of New Jersey.

1. Defendant, Aetna, Inc. (d/b/a Aetna Health Plans), (hereinafter referred to as "Aetna") is upon information and belief a Business Corporation with a principal place of business is located at 151 Farmington Avenue Hartford, CT 06156.

2. Defendant, The Rawlings Company, LLC, (hereinafter referred to as "Rawlings Company") is upon information and belief a Business Corporation with a principal place of business is located at One Eden Parkway LaGrange, KY 40031-8100.

3. Defendant, Andrew C. Kremann, is an adult individual and citizen of the State of New Jersey.

### JURISDICTION AND VENUE

4. This matter is a declaratory judgment action pursuant to 28 U.S.C. §2201 and §2202, based upon a contract of insurance issued by Defendant, Aetna, to its insured, Plaintiff Su Jeon.

5. Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. §1391, as the insurance contract at issue was issued in the District of New Jersey, and the events at issue in the underlying case took place in the state and District of New Jersey.

6. An actual case and controversy of a justiciable nature exists between Plaintiff and Defendants involving the rights and obligations of those parties under the policy of insurance.

7. All other identifiable persons or entities who have or claim any interest in the matters in controversy or who would be affected by the declarations made by this Court have been made a party to this action.

## FACTS

8. On November 16, 2013, Plaintiff, Su Jeon, was involved in a motor vehicle collision in which his vehicle was rear-ended by a vehicle driven by Defendant, Andrew C. Kremann, causing the plaintiff to sustain personal injuries, for which he sought medical treatment.

9. At the time of the accident and throughout the course of Plaintiff's medical treatment, Plaintiff was insured through his wife, Myung Jeon's medical insurance policy, provided by Defendant Aetna.

10. Defendant, Aetna, paid medical expenses related to Plaintiff's injuries to various medical providers in the amount of $31,636.55. *See Payment Log, attached hereto as Exhibit A.*

11. On November 12, 2015, Plaintiff filed a lawsuit against the third party tortfeasor in the Superior Court of New Jersey, Mercer County (Docket No. L-2558-15). *See Third Party Complaint, attached hereto as Exhibit B.*

12. Defendant, Aetna, by way of its subrogation contractor, Defendant Rawlings Company, is asserting a lien against the third party lawsuit in the amount of $31,636.55.

13. The lien asserted by Defendant Aetna is not an ERISA based lien.

14. Nonetheless, Defendant Aetna insists that this lien is recoverable pursuant to Section 652 of Public Law 108-375, and various other alleged authorities. *See Department of the Army Memo, attached hereto as Exhibit C.*

15. Defendant, Andrew C. Kremann, contested the recoverability of the lien in a motion, seeking either a Summary Judgment Order on that issue or a declaratory judgment from the New Jersey

Superior Court. *See Defendant's Motion for Summary Judgment, or, In the Alternative, Declaratory Judgment, attached hereto as Exhibit D.*

16. Plaintiff filed an Opposition to Defendant, Andrew C. Kremann's Motion and attached the Memo from the Department of Defense as an exhibit to said Opposition. *See Plaintiff's Opposition to Defendant's Motion for Summary Judgment, or, In the Alternative, Declaratory Judgment, attached hereto as Exhibit E.*

17. On July 21, 2017, Judge Janetta D. Marbrey, J.S.C., issued an Order on the Motion that stated in part: "Plaintiffs Su Jeon and Myung Jeon claims for damages arising from the Aetna liens and allegedly outstanding medical bills are barred from recovery pursuant to the collateral source rule. N.J.S.A. 2A: 15-97…" *See Order on Defendant's Motion, attached hereto as Exhibit F.*

18. Despite Judge Marbrey's Order stating that the Aetna lien is not recoverable from the third party pursuant to New Jersey law, Defendant Aetna, by way of their subrogation contractor Defendant Rawlings Company, maintains that the lien is recoverable pursuant to federal law, and seeks payment on the lien.

19. As a result, Plaintiff, through counsel, has been unable to resolve the third party case because there are insufficient settlement funds to cover the Aetna lien and other expenses, and the third party defendant refuses to offer additional funds to cover the Aetna lien because of Judge Marbrey's Order.

20. This predicament is essentially forcing Plaintiff into a trial in the Superior Court of New Jersey, and there is a risk that Plaintiff could lose at trial due to New Jersey's Verbal Threshold requirements.

21. Quite simply, Plaintiff is at an impasse; if Plaintiff settles the third party lawsuit for a reasonable sum that does not take the Aetna lien into account, in reliance on the New Jersey Superior Court Order, he exposes himself to litigation from Defendant Aetna, seeking reimbursement of the lien.

Even if Plaintiff does not settle the third party lawsuit, goes to trial and receives a verdict in his favor, he still exposes himself to litigation from Defendant Aetna, who does not recognize the state court opinion as authoritative, but the lien will not be recoverable pursuant to the state court Order, and therefore any verdict will likely be insufficient to cover all costs related to the accident.

22. A trial is scheduled in the Mercer County Superior Court on December 4, 2017.

## CAUSES OF ACTION

23. Plaintiff seeks a declaratory judgment regarding whether the lien is recoverable in the third party action.

24. The New Jersey collateral source rule prevents plaintiffs from recovering in tort benefits for which they have been provided or are entitled to receive by a third party such as a health insurer. N.J.S.A. 2A:15-97.

25. A health insurer is not entitled to reimbursement of payments through subrogation or contract reimbursement when the insured recovers a judgment against a tortfeasor. Perreira v. Rediger, 169 N.J. 399, 403 (2001). There is an exception to this rule for ERISA based liens. *See* Levin v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005).

26. Defendants have not provided sufficient binding authority to prove that the liens are reimbursable and/or boardable in the third party action.

27. Plaintiff requests a declaratory judgment regarding the lien because any ruling made in the New Jersey state court action will not resolve the dispute, as Defendant claims that federal law preempts state law regarding the lien, much like ERISA based liens.

*Respectfully Submitted,*

**ROSEN, SCHAFER & DIMEO, LLP**

Date: 10/25/17

By: _____

KATHRYN MALLARY, ESQ.
IDENTIFICATION: (KM9441)
121 SOUTH BROAD STREET
EIGHTH FLOOR
PHILADELPHIA, PA 19107
(215)864-9440
km@rosenschaferdimeo.com