IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SU Y. JEON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AETNA, INC. d/b/a AETNA HEALTH PLANS, THE RAWLINGS COMPANY, LLC, ANDREW C. KREMANN, JOHN and JANE DOE 1-99 and ABC BUSINESS ENTITIES 1-99<br><br>　　　　　　Defendants | CIVIL ACTION NO.: 3:17-cv-09241 |

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, CROSSCLAIM, COUNTERCLAIM, SEPARATE DEFENSES AND CERTIFICATIONS ON BEHALF OF DEFENDANTS AETNA, INC .AND THE RAWLINGS COMPANY, LLC**

## INTRODUCTION

Defendants Aetna, Inc. and The Rawlings Company LLC serve respectively as Claims Administrator and Recovery Vendor on behalf of the Claims Administrator of the Nonappropriated Fund Health Benefits Program ("NAF-HBP") created pursuant to §349 of Public Law 103-337, Uniform Health Benefits Program for Employees for the Department of Defense Assigned to Nonappropriated Fund Instrumentalities.

Defendants are hereafter referred to as "Aetna" and "Rawlings".

## THE PARTIES

1.　　Admitted

　1(sic)　Admitted.

　2.　　Admitted.

1

3.   This party has insufficient information to admit or deny the allegations of this paragraph, and therefore, Plaintiff is left to her proofs.

## JURISDICTION AND VENUE

4.   Denied as stated. Aetna serves as Claims Administrator for the Federal Uniform Health Benefits Program for Employees of the Department of Defense Assigned to Nonappropriated Fund Instrumentalities pursuant to federal contract number NAFBA1-08-C-0011. Rawlings serves as recovery vendor for the Claims Administrator. By way of further answer, Plaintiff is an enrollee of that plan.

5.   Denied as stated. Venue is appropriate in the district of New Jersey as the underlying incident (hereafter "the tort") occurred in the State of New Jersey. Except as so admitted, denied.

6.   Denied as stated. By way of further answer, it is acknowledged that a controversy exists regarding the relationship between Plaintiff and Defendants and the rights and obligations of the parties to the "NAF-HBP" Plan.

7.   Upon information and belief, admitted.

## FACTS

8.   This party has insufficient information to admit or deny these allegations, and therefore, Plaintiff is left to her proofs.

9.   Denied as stated. Plaintiff and Plaintiff's spouse were enrollees in the Federal NAF-HBP Plan for which Aetna served as Claims Administrator. The Plan is a benefits program of Department of Defense and is not subject to State law.

10.   Admitted.

2

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Neither admitted nor denied as this party was not a party in the underlying state court action.

16. Upon information and belief, admitted.

17. Neither admitted nor denied. The document attached as Exhibit F to Plaintiff's Complaint herein speaks for itself.

18. It is admitted that Defendants Aetna and Rawlings maintain that the lien is recoverable pursuant to federal law and seeks payment thereon.

19. This party has insufficient information to admit or deny the allegations of this paragraph, and therefore, Plaintiff is left to her proofs.

20. This party has insufficient information to admit or deny the allegations of this paragraph, and therefore, Plaintiff is left to her proofs.

21. With respect to the allegations of this paragraph, it is Defendant Aetna's and Rawlings' position that Plaintiff is contractually obligated to reimburse all benefits paid out of the proceeds of any recovery had for injuries alleged by Plaintiff to have been caused by the fault of another pursuant to the terms of the NAF-HBP Plan and Federal Law.

22. This party has insufficient information to admit or deny the allegations of this paragraph and no answer is required.

23. The contents of the 23rd paragraph of Plaintiffs' Complaint constitutes a claim for relief to which no answer is required.

24. The statement contained in paragraph 24 of Plaintiffs' Complaint is an alleged statement of New Jersey law to which no answer is required.

25. The statement contained in paragraph 25 of Plaintiff's Complaint is an alleged statement of New Jersey law to which no answer is required.

26. Denied.

27. With respect to the allegations in paragraph 27 of Plaintiff's Complaint, it is admitted that Defendants Aetna and Rawlings claim that the relevant federal law does pre-empt the law of the State of New Jersey as to the claims in this matter.

**WHEREFORE,** Defendants Aetna and Rawlings demand judgment Declaring that the lien claim in this matter is valid and enforceable as against any recovery by Plaintiff in the underlying state court tort action referred to in Plaintiff's Complaint herein.

## CROSSCLAIM

Aetna, Inc., by way of Crossclaim against co-Defendant Andrew C. Kremann, states as follows:

1. Aetna has been named as a Defendant in a Declaratory Judgment action instituted by Plaintiff challenging the entitlement of Aetna as benefit provider to the Uniform Health Benefit Program for employees of the Department of Defense assigned to a Non-appropriated Fund Instrumentalities to enforce its lien in

connection with benefits paid to Plaintiff arising out of injuries claimed by Plaintiff to have been caused by Andrew C. Kremann.

2. The Department of Defense Non-appropriated Fund Health Benefit Program contains provisions granting it first priority lien from any recovery, settlement, judgment or other source of benefits associated with third party injuries paid by the Plan and requires first priority payment from any such recovery.

3. In the event that there is any recovery paid by or on behalf of Defendant Andrew C. Kremann in connection with a claim for injury instituted by Plaintiff, then, and in that event, Aetna as Claim Administrator has a first priority lien on such recovery to the full extent of benefits paid.

**WHEREFORE**, Defendant Aetna by way of crossclaim against Defendant, Andrew C. Kremann, demands judgment declaring that Andrew C. Kremann be required to make payment of any settlement or judgment with respect to the personal injury claim instituted by Plaintiff first to Aetna, Inc., as the Claims Administrator for the Department of Defense Non-appropriated Fund Health Benefits Program to the full extent of benefits paid for treatment of injuries claimed by Plaintiff to have arisen out of such underlying tort action.

## COUNTERCLAIM

1. Defendants Aetna, Inc. and The Rawlings Company, LLC serve as Claims Administrator and recovery vendor, respectively, for the Department of Defense Non-appropriated Fund Health Benefits Program.

2. Plaintiff was enrolled as a beneficiary in the Department of Defense Non-appropriated Fund Health Benefits Program at all times relevant hereto.

3.  Plaintiff has instituted suit against co-Defendant, Andrew C. Kremann, in the courts of the State of New Jersey in tort claiming that said co-Defendant, Andrew C. Kremann, is responsible for injuries for which Defendant Aetna Inc., as Claims Administrator, has issued payments for treatment of injuries claimed to have arisen therefrom.

4.  The Department of Defense Non-appropriated Fund Health Benefits Program specifically includes provisions which create a first priority lien on any recovery, settlement, judgment, other source of compensation that may be had from any party to the extent of the full cost of all benefits associated with third party injuries provided by it and requires Plaintiff to serve as Constructive Trustee for the benefits paid by the Plan over any settlement or recovery as a result of third party injuries without regard to Court costs, attorney's fees or any "make whole doctrine".

**WHEREFORE**, Defendants Aetna, Inc. and The Rawlings Company, LLC demand judgment declaring that Plaintiff is subject to all of the terms, conditions and provisions of the Department of Defense Non-appropriated Fund Health Benefits Program for which Aetna serves as Claims Administrator and that Plaintiff is required to honor the first priority lien reimbursement provisions set forth in that Plan.

                                              CRAIG, ANNIN & BAXTER, LLP

                                              *s/ Paul D. Kelly*
                                              Paul D. Kelly, Esquire
                                              Attorney for Defendants,
                                              Aetna, Inc and The Rawlings Company, LLC

Dated: November 21, 2017

## SEPARATE DEFENSES

1. Plaintiff's Complaint for relief as against these Defendants is barred insofar as it seeks a determination of the invalidity of the lien of NAF-HBP .

2. Plaintiffs' reliance on the New Jersey Collateral Source Rule is preempted as it pertains to the Federal NAF-HBP Program for which Aetna provides claims administration and The Rawlings Company serves as recovery vendor.

3. Plaintiff is bound by the terms, conditions and provisions of the NAF-HBP Contract in which Plaintiffs were enrolled as a beneficiary.

4. §349 of PL103-337 pre-empts the New Jersey Collateral Source Rule and any other state law alleged by Plaintiff to prohibit the enforcement of the terms, conditions and provisions of the NAF-HBP Plan.

5. Plaintiff's Claim for relief is barred by the Supremacy Clause of the United States Constitution.

CRAIG, ANNIN & BAXTER, LLP

s/*Paul D. Kelley*
Paul D. Kelly, Esquire
Attorney for Defendants,
Aetna, Inc and The Rawlings Company, LLC

Dated: November 21, 2017

## STATEMENT OF NO OTHER PENDING ACTIONS

This party is unware of any other pending actions with regard to this matter with the exception of a tort suit filed in the Superior Court of New Jersey Law Division, Mercer County under Docket No. MER-L-2558-15.

                         CRAIG, ANNIN & BAXTER, LLP

                         s/ *Paul D. Kelly*
                         Paul D. Kelly, Esquire
                         Attorney for Defendants,
                         Aetna, Inc. and The Rawlings Company, LLC

Dated: November 21, 2017

## CERTIFICATION AS TO PROTECTED IDENTIFYING INFORMATION

The undersigned as counsel for Defendants, Aetna, Inc. and The Rawlings Company, hereby certifies that all protected personal identifying information has been removed and/or will be removed from any documents filed with the Court in this matter.

CRAIG, ANNIN & BAXTER, LLP

                         s/ *Paul D. Kelly*
                         Paul D. Kelly, Esquire
                         Attorney for Defendants,
                         Aetna, Inc. and The Rawlings Company, LLC

Dated: November 21, 2017